# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1687

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Frank T. Dovidio, | * |
| | * **[UNPUBLISHED]** |
| Defendant - Appellant. | * |

_____

Submitted: June 9, 1998
Filed: July 16, 1998

_____

Before LOKEN, GODBOLD,* and HEANEY, Circuit Judges.

_____

PER CURIAM.

Frank T. Dovidio appeals his conviction for possession with intent to distribute marijuana, arguing the district court[1] erred in denying his motion to suppress 609 pounds of marijuana hidden in the rear of Dovidio's van. The van was stopped after sunset for driving with a broken headlight. State Patrol Officer Dale Fahnholz checked

_____

*The HONORABLE JOHN C. GODBOLD, United States Circuit Judge for the Eleventh Circuit, sitting by designation.

[1]The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, who adopted the recommendation of the HONORABLE DAVID L. PIESTER, United States Magistrate Judge for the District of Nebraska.

Dovidio's Missouri driver's license and learned of a prior drug arrest or conviction. Fahnholz called for back-up and sought Dovidio's consent to search the van. When additional officers arrived, Dovidio refused to consent, but Fahnholz smelled marijuana through the van's open window and decided to search the van. While placing Dovidio in Fahnholz's patrol car, the officers were advised that Dovidio's New Jersey driver's license had been suspended. They arrested Dovidio for driving on a suspended license and discovered the marijuana during a subsequent inventory search of the van.

Dovidio argues his arrest and the subsequent search were unlawful because Officer Fahnholz knew Dovidio had a valid Missouri driver's license. The district court rejected this contention because Fahnholz acquired probable cause to conduct a warrantless search of the van when he smelled marijuana. See United States v. Caves, 890 F.2d 87, 90-91 (8th Cir. 1989). Therefore, discovery of the marijuana was inevitable, and the marijuana need not be suppressed even if Dovidio was unlawfully arrested. See Nix v. Williams, 467 U.S. 431, 444 (1984). Dovidio argues the district court's finding that Fahnholz smelled marijuana from outside the van is clearly erroneous because Fahnholz would have immediately arrested Dovidio, would have told other officers of the odor, and would not have bothered to ask for consent to search had he in fact smelled the large quantity of marijuana wrapped and hidden in the rear of the van. However, as Officer Fahnholz's testimony was neither internally inconsistent nor contradicted by extrinsic evidence, Dovidio has not persuaded us this credibility finding was clear error. See United States v. Galvan, 953 F.2d 1098, 1101 (8th Cir. 1992). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-